IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARIO VILLAGRAN (Y-16490), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 14 C 10361 |
| v. | ) | |
| | ) | Judge Charles P. Kocoras |
| | ) | |
| THOMAS DART, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mario Villagran ("Villagran"), a prisoner at Shawnee Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement while detained at Cook County Jail. Now before the Court is Defendant's motion for summary judgment. Villagran has not responded to the motion, despite having been given two opportunities to do so. (Dkt. 33, 44.) For the following reasons, Defendant's motion for summary judgment (Dkt. 34) is granted.

**I.      Northern District of Illinois Local Rule 56.1**

Because Villagran is a *pro se* litigant, Defendant served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2 (Dkt. 37). The notice explains the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure 56 and Local Rule 56.1.

Local Rule 56.1 "is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). Because Villagran failed to respond to Defendants' 56.1 Statement of Material Facts, the Court accepts all assertions in the Defendants' Statement of Material Facts as true to the extent that they are supported by the record. *See* L.R. 56.1(b)(3)(C); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012).

## II. Facts

The following facts are set forth as favorably to Villagran as the record and Local Rule 56.1 permit. *See Hanners v. Trent*, 674 F.3d 683, 691 (7th Cir. 2012). Defendant Thomas Dart ("Defendant") is the Sheriff of Cook County. (Def.'s Stmt. at

¶ 2.) Villagran was housed in Division 6 of the Cook County Jail from September 26, 2014 through September 2015. (*Id*. at ¶ 3.)

Division 6, 1K was missing some floor tiles and there was mold under some tiles and the toilet in Villagran's cell. (Def.'s Stmt. at ¶ 4.) The toilet in Villagran's cell also leaked from its base, and it smelled. (*Id*. at ¶¶ 5, 6.) Villagran used a towel to absorb the water that leaked from the toilet. (*Id*. at ¶ 6.) Additionally, his toilet flushed "light[ly]," and sometimes, he had to repeatedly hit it until it would flush properly. (*Id*. at ¶ 8.) Villagran also observed mice droppings in his cell, gnats by the toilet, two dead cockroaches in his cell, and "waterbugs" flying around his sink in his cell. (*Id*. at ¶¶ 9–12.) Villagran used water and liquid soap to clean his cell. (*Id*. at ¶ 15.)

Further, there was mold on the wooden safety rails that encompassed the perimeter of the day room. (Def.'s Stmt. at ¶ 19.) Villagran also observed five to ten mice daily at night in the dayroom. (*Id*. at ¶¶ 25–26.) Villagran placed a towel at the base of his cell door to keep the mice out of his cell. (*Id*. at ¶ 27.) In addition, there was mold in the shower, the common bathroom smelled, and it had cockroach and mice droppings. (*Id*. at ¶¶ 19–22.) The toilets and sinks in the common bathroom did, however, function properly. (*Id*. at ¶ 23.) Moreover, Villagran was never bitten by a mouse or a cockroach. (*Id*. at ¶ 28.)

In October of 2014, Villagran was transferred to Division 6, 2H. (*Id.* at ¶ 23.) Most of the conditions were the same in 2H, but Villagran's toilet and sink did not

leak as much as they did in 1H. (*Id*. at ¶¶ 31–32.) Villagran was able to clean his cell with soap and water, and he had access to a disinfectant cleaner once in a while. (*Id*. at ¶¶ 33–34.)

Once every three weeks, a cleaning crew would power wash the shower room and bathroom. (Def.'s Stmt. at ¶ 36.) Detainees were responsible for cleaning their own cells. (*Id*. at ¶ 37.) Villagran is not aware of any test that confirmed that what he observed in Division 6 was, in fact, mold. (*Id*. at ¶ 38.)

Villagran was diagnosed with asthma when he was approximately ten years old, and he uses an inhaler to treat his asthma. (Def.'s Stmt. at ¶ 39.) Villagran had an inhaler at the Cook County jail, and he used it daily. (*Id*. at ¶ 40.) Sometimes, the smell of the bathroom would give Villagran a headache and make him feel nauseous. (*Id*. at ¶ 41.) Villagran took Tylenol when he got a headache. (*Id*. at ¶ 42.) Villagran was able to function normally on a daily basis, and he was not diagnosed with any medical condition as a result of the alleged living conditions. (*Id*. at ¶¶ 43–44.)

Villagran never saw Defendant in Division 6. (Def.'s Stmt. at ¶ 45.) Villagran never talked to Defendant, and he never sent Defendant a letter or any other correspondence. (*Id*. at ¶¶ 47–48.)

### III. Analysis

Defendant moves for summary judgment, arguing that the living conditions did not rise to a constitutional violation, and that Villagran has not demonstrated liability as to him.

4

### A. Legal Standard

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the Court must consider the record as a whole. *See Anderson*, 477 U.S. at 255.

Parties seeking summary judgment have the initial burden of showing that there is no genuine dispute, and that they are entitled to judgment as a matter of law. *Carmichael v. Vill. of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010) (citation omitted). If the moving parties demonstrate the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing there is a genuine issue for trial." *Hannemann v. S. Door Cnty. Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012).

### B. Villagran's Claim

The Court allowed Villagran to proceed with a claim against Defendant,

finding that his allegations of a systemic problem within Division 6 supported an inference of involvement by Defendant. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428–29 (7th Cir. 1996) (stating that dismissal of a *pro se* complaint because of lack of active personal involvement is inappropriate where the official's position justifies an inference that the official had some direct involvement in the alleged violation).

A pretrial detainee's claim of unconstitutional conditions of confinement is analyzed under the Fourteenth Amendment's Due Process Clause. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). However, given that the protections under the Fourteenth Amendment's Due Process Clause are at least as broad as those under the Eighth Amendment for convicted prisoners, the courts look to Eighth Amendment case law when addressing a pretrial detainee's claims. *Rice v. Corr. Med. Serv.*, 675 F.3d 650, 664 (7th Cir. 2012). A prisoner/pretrial detainee is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). A prisoner need not have contracted a disease or suffered any physical pain for a jury to reasonably conclude that conditions constituted a constitutional violation. *See Thomas v. Ill.*, 697 F.3d 612, 614 (7th Cir. 2012) (discussing harms a prisoner may endure due to insect infestation).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (i) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (ii) Defendant acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094 at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013). The deprivation, however, must be sufficiently grave. The condition must create a serious risk to an inmate's health or safety or be sufficiently prolonged so as to cause significant pain or discomfort. *Thixton v. Berge*, No. 05-C-620-C, 2006 WL 167444 at *2 (W.D. Wis. Jan. 23, 2006) (citing *Leslie v. Doyle*, 125 F.3d 1132, 1137 (7th Cir. 1997) ("[T]he Constitution does not create a cause of action for arbitrary and purposeless acts by officials per se; it prohibits the abuse of power that effects a significant deprivation.") (emphasis omitted). Furthermore, "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have 'a mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842–43 (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).

Deliberate indifference "means that the official knew that the inmate faced a

substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend*, 522 F.3d at 773. Establishing that an official acted negligently does not suffice. "Instead, the inmate must show that the official received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." *Id.*

### 1. The Conditions of Confinement

The Court finds that, based on the undisputed facts, a genuine issue of material fact exists as to whether the conditions of Villagran's confinement, when viewed together, rose to a constitutional violation. These conditions include plumbing issues, general unsanitary conditions, and the pervasive presence of insects and mice. *See, e.g.*, *Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016) (maintaining that insect infestation along with a lack of cleaning supplies and a broken window in cell could constitute unconstitutional condition of confinement); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (holding that prisoner housed in cell for six days where floor was covered with water, the sink and toilet did not function, and the walls were smeared with blood and feces constituted unconstitutional conditions of confinement); *Mims v. Hardy*, No. 11 C 6794, 2013 WL 2451149, at *10 (N.D. Ill. June 5, 2013) (reasoning that a jury could find that conditions including a non-functioning sink, broken toilet, smell of feces, temperatures at or close to 100 degrees Fahrenheit, and poor air circulation for a forty-five day period were sufficiently serious to deprive plaintiff of the minimal civilized measures of life's necessities); *Hicks v. Irvin*, No. 06

C 0645, 2012 WL 4092621, at *5 (N.D. Ill. Sept. 17, 2012) (holding that a genuine issue of material fact existed as to whether plaintiff was denied his basic needs where there was an indefinite number of bugs in the cell over a six-day period, the toilet did not flush and was backed up with feces, and plaintiff was provided only 12 to 18 ounces of water per day).

### 2. Deliberate Indifference

Section 1983 creates a cause of action based on personal liability and predicated on fault, so to be held liable under § 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted). Villagran has not brought forth evidence of personal involvement by Defendant or evidence that he acted with deliberate indifference in regard to the alleged conditions. To survive summary judgment, a § 1983 plaintiff must adduce evidence that the defendant "caused or participated in [the] constitutional deprivation." *Delapaz*, 634 F.3d at 899 (citations omitted). The doctrine of *respondeat superior* does not apply to § 1983 actions. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Rather, to be held liable under § 1983, supervisors, such as Defendants here, must "know about the [unconstitutional] conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (citation omitted).

As to personal involvement, the Court held upon review of Villagran's complaint that, because his complaint involved "potentially systemic," rather than

localized, constitutional violations, Villagran could proceed with his claim against Defendant. *Antonelli*, 81 F.3d at 1428–29 (holding that senior correctional officials could be expected to know of, or participate in, creating systemic conditions at the facility). However, while personal involvement can be inferred at the pleading stage, *Smith v. Dart*, 803 F.3d 304, 309 n.2 (7th Cir. 2015), at the summary judgment stage, Villagran must point to some evidence from which the Court can infer that Defendant was deliberately indifferent to the conditions of which he complains. *Rankin v. Dart*, No. 13 C 4671, 2016 WL 1046570, at *4 (N.D. Ill. Mar. 16, 2016) ("[A]t the summary judgment stage allegations are not enough; Plaintiff must point [to] some evidence from which the Court can infer that Defendants were aware of the conditions alleged."); *Lieberman v. Budz*, No. 00 C 5662, 2010 WL 369614, at *8 (N.D. Ill. Jan. 28, 2010) (drawing inference of personal involvement in conditions claim, but observing that, at summary judgment stage, plaintiff would need to demonstrate deliberate indifference). Villagran has not brought forth any evidence supporting a finding of deliberate indifference on the part of Defendant.

Accordingly, Defendant is entitled to summary judgment. Final judgment will be entered. If Villagran wishes to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1). If Villagran seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. Fed. R. App. P. 24(a)(1).

Villagran need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Villagran wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time, and if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than 1 year after entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

**IV.    Conclusion**

For the aforementioned reasons, Defendant's motion for summary judgment is granted. The Clerk is directed to enter judgment in favor of the Defendant.

Date:  12/23/2016        _____
                                         Charles P. Kocoras
                                         United States District Court Judge